**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT DIPARVINE, individually, and on behalf of all others similarly, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:10cv5114 |
| | ) | Judge Kennelly |
| RIPPLE 1471, INC. d/b/a SALUD TEQUILA LOUNGE, an Illinois Corporation; Three Headed Productions, Inc. d/b/a Salud Tequila Lounge, an Illinois Corporation; and Does 1-10, Defendants. | ) ) ) ) ) ) ) | Magistrate Judge Mason |

*AND*

| | | |
|---|---|---|
| NICHOLAS M. MARTIN and DIEGO FRAUSTO, individually and on behalf of a class, | ) ) ) ) | |
| Plaintiffs, | ) ) | 1:10cv5144 |
| v. | ) ) | Judge Coar |
| RIPPLE 1471, INC., d/b/a SALUD TEQUILA LOUNGE and DOES 1-10, Defendants. | ) ) ) ) ) | Magistrate Judge Mason |

**MOTION FOR REASSIGNMENT UNDER LOCAL RULE 40.4**

Nicholas Martin and Diego Frausto – plaintiffs in Case No. 1 : 10 CV 5144 (N.D.Ill.) – respectfully request that their matter be consolidated with the matter entitled *Diparvine v. Ripple 1471*, Case No. 1 : 10 CV 5114 (N.D.Ill.) and be transferred to the calendar of Judge Kennelly, pursuant to Local Rule 40.4.

1

In support of this motion, plaintiffs state as follows:

1. Local Rule 40.4(a) provides as follows:

**Two or more civil cases may be related if one or more of the following conditions are met:**

    **(1)**     **the cases involve the same property;**

    **(2)**     **the cases involve some of the same issues of fact or law;**

    **(3)**     **the cases grow out of the same transaction or occurrence; or**

    **(4)**     **in class action suits, one or more of the classes involved in the cases is or are the same.**

2. The *Martin* and *DiParvine* cases involve some of the same issues of fact or law, in that the consumers' claims in each case concern receipts the "truncation requirement" of the Fair and Accurate Credit Transactions Act ("FACTA"). A review of the claims made by the Martin and Frausto (per their complaint, attached as <u>Appendix 1</u>), and by DiParvine (per his complaint, attached as <u>Appendix 2</u>), show that the two cases are virtually identical.

3. A review of his complaint shows that DiParvine seeks to certify a class ("all persons to whom the Defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after June 3, 2008, which receipt displays the expiration date of the person's credit card or debit card…") that is virtually identical to a class Martin and Frausto seek to represent ("all persons to whom Ripple 1471, Inc., d/b/a Salud Tequila Lounge provided an electronically printed receipt at the point of sale or transaction, which receipt was issued on or after a date two years prior to the filing of this action and displays either (a) more than the last five digits of the person's credit card or debit card number,

or (b) the expiration date of the person's credit or debit card…."). (<u>Appendix 2</u> (Diparvine complaint) at 2; <u>Appendix 3</u> (Martin and Frausto's class certification motion) at 2.)

    4.    Therefore, Local Rule 40.4(a) is satisfied.

    5.    Local Rule 40.4(b) further provides as follows:

**A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:**

    **(1)**    **both cases are pending in this Court;**

    **(2)**    **the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;**

    **(3)**    **the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and**

    **(4)**    **the cases are susceptible of disposition in a single proceeding.**

    6.    All of the requirements of Local Rule 40.4(b) are met. Both cases are pending in this Court. As the cases deal with the same claims, facts and law, the handling of these claims by one judge (as opposed to two) would inherently cause a significant savings of time and resources expended by this Court. This would lead to a disposition of the claims in a single, unified proceeding, and avoid the possibility of conflicting results. Both cases are in virtually the same posture – with defendants' answers not yet being filed in either case.

    7.    Local Rule 40.4(c) provides that

**a motion for reassignment based on relatedness may be filed by any party to a case. The motion shall—**

    **(1)**    **set forth the points of commonality of the cases in sufficient detail to indicate that the cases are related within the meaning of section (a), and**

> **(2)    indicate the extent to which the conditions required by section (b) will be set if the cases are found to be related.**
>
> **A copy of the complaint or other relevant pleading in each of the higher-numbered cases that are the subject of the motion shall be attached to the motion.**
>
> **The motion shall be filed with the judge before whom the lowest-numbered case of the claimed related set is pending. Where all of the cases claimed to be related are assigned to magistrate judges on consent, then the motion shall be filed with the magistrate judge before whom the lowest-numbered case is pending. Where one or more of the cases claimed to be related is assigned to a magistrate judge on consent and one or more of the remaining cases is assigned to a district judge, the motion shall be filed with the district judge having the lowest-numbered case.**
>
> **In order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved.**

8.    This motion is timely under the rule, is brought before the appropriate judge, and sets forth the required information.  The complaints of the consumers in each case, together with Martin and Frausto's motion for class certification, are attached as Appendices 1-3, as described above.

9.    A copy of this motion is being served upon the Defendant.  A copy by courtesy will also be provided to Judge Coar, who is the Judge assigned to the *Martin/Frausto* case, so that he may be properly advised.

WHEREFORE, Nicholas Martin and Diego Frausto – plaintiffs in Case No. 1 : 10 CV 5144 (N.D.Ill.) – respectfully request that their matter be consolidated with the matter entitled *Diparvine v. Ripple 1471*, Case No. 1 : 10 CV 5114 (N.D.Ill.) and be transferred to the calendar of Judge Kennelly, pursuant to Local Rule 40.4.

                                                            Respectfully submitted,

/s/ Catherine A. Ceko
Catherine A. Ceko

Daniel A. Edelman
Cathleen M. Combs
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)